NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DOUGLAS S. MARSHALL,**
*Petitioner,*

**v.**

**UNITED STATES POSTAL SERVICE,**
*Respondent.*

---

2011-3201

---

Petition for review of the Merit Systems Protection Board in case no. NY0353100255-I-1.

---

Decided: February 14, 2012

---

DOUGLAS S. MARSHALL, of Guayanilla, Puerto Rico, pro se.

NELSON R. RICHARDS, Trial Attorney, Commercial Litigation Branch, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and CLAUDIA BURKE, Assistant Director.

_____

Before NEWMAN, LOURIE, and PROST, *Circuit Judges*.

PER CURIAM.

Douglas S. Marshall appeals the final decision of the Merit Systems Protection Board ("Board"), which dismissed his appeal of the United States Postal Service's ("USPS") employment action based on the parties' settlement agreement. *Marshall v. U.S. Postal Serv.*, NY0353100255-I-1 (M.S.P.B. Oct. 27, 2010), *petition for review denied*, (June 13, 2011). For the reasons set forth below, we *affirm*.

## I. BACKGROUND

Mr. Marshall's employment history with USPS is detailed in this court's previous opinion, *Marshall v. U.S. Postal Serv.*, 402 F. App'x 521 (Fed. Cir. 2010) ("*Marshall I*"). As relevant to his current appeal, Mr. Marshall had certain work limitations due to an injury he incurred in 1995. In 2008, USPS conducted a National Reassessment Process to evaluate the efficiency of its employees. During that evaluation, USPS informed Mr. Marshall that it had no available work within his medical restrictions and would place him on leave-without-pay status. Mr. Marshall appealed that decision to the Board, and while that appeal was pending, Mr. Marshall and USPS entered into a settlement agreement. Based on the settlement agreement, the administrative judge dismissed Mr. Marshall's appeal. Mr. Marshall then appealed that decision to this court, arguing that he had been coerced into entering the settlement. This court affirmed the Board's decision in *Marshall I*, explaining that "we will not ignore Marshall's voluntary agreement to the terms of the settlement." 402 F. App'x at 523.

This current appeal involves a subsequent settlement agreement between Mr. Marshall and USPS. In July 2010, while *Marshall I* was pending before this court, USPS offered Mr. Marshall a position as a modified, part-time flexible carrier in the Guayanilla, Puerto Rico Post Office. Mr. Marshall rejected this offer and filed an appeal with the Board based on USPS's alleged failure to try to find work for him that accommodated his work restrictions.

At a hearing before the administrative judge, the parties entered into a settlement agreement under which Mr. Marshall agreed to withdraw his appeal to the Board with prejudice and "to withdraw any [Equal Employment Opportunity] Claims, if any, regarding his employment with [USPS] to date." In exchange for the release, USPS agreed to allow Mr. Marshall to switch from a part-time flexible letter carrier to a part-time flexible clerk upon his successful completion of USPS's window training exam. Under the agreement, Mr. Marshall acknowledged that he "underst[ood] that as a [Part-Time Flexible] employee he [was] not guaranteed a forty hour work week." The agreement further states that it "constitute[d] the entire agreement and understanding between the parties and may not be modified orally," and that "[t]here are no promises, terms, conditions, or obligations other than those contained herein." By signing the agreement, Mr. Marshall acknowledged that he "entered into this Settlement Agreement freely, knowingly, voluntarily, and without coercion, threat, or duress."

Based on the settlement, the administrative judge dismissed Mr. Marshall's appeal. Mr. Marshall then petitioned the Board for review, arguing that the settlement agreement "was the result of fraud or mistake and therefore unlawful" because he signed the agreement

understanding that the clerk position was six or seven hours a day but later discovered that the available position for him was only two hours a day. The Board denied the petition, and Mr. Marshall appealed to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II. DISCUSSION

This court will affirm a decision of the Board unless it is "(1) arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

As we explained in *Marshall I*, we presume that a settlement agreement is valid and "will set aside a settlement agreement only if it can be shown that it is unlawful, entered into involuntarily, or was the result of fraud or mutual mistake." *Marshall I*, 402 F. App'x at 523 (citing *Sargent v. Dep't of Health & Human Servs.*, 229 F.3d 1088, 1091 (Fed. Cir. 2000)). "'Those who employ the judicial appellate process to attack a settlement through which controversy has been sent to rest bear a properly heavy burden' of proving that the settlement was invalid." *Id.* (quoting *Asberry v. U.S. Postal Serv.*, 692 F.2d 1378, 1380 (Fed. Cir. 1982)).

On appeal, Mr. Marshall asks us to "vacate the settlement," arguing that it was gained under false pretenses because USPS misrepresented the available clerk position. According to Mr. Marshall, he signed the agreement believing that the available position would be forty hours a week when the position actually was ten hours a week. Such a belief, however, is contrary to the express terms of the agreement, which Mr. Marshall

acknowledged that he entered into voluntarily. The agreement unambiguously states that the position would be "part-time" and that as a part-time employee Mr. Marshall understood he was not guaranteed a forty-hour work week. Additionally, by signing the agreement, Mr. Marshall recognized that it "constitute[d] the entire agreement and understanding between the parties and [could] not be modified orally." If a position guaranteeing him forty hours of work per week was a prerequisite to Mr. Marshall dismissing his appeal with prejudice, he should have confirmed that such a provision was included within the terms of the settlement. Instead, Mr. Marshall agreed to a part-time position that could involve less than forty hours of work per week.

Mr. Marshall's remaining arguments for setting aside the settlement agreement similarly lack merit. Mr. Marshall, therefore, has failed to demonstrate that the Board's dismissal of his appeal was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. The decision of the Board is affirmed.

**AFFIRMED**