NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DOUGLAS SCOTT MARSHALL,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2013-3012

---

Petition for review of the Merit Systems Protection Board in No. NY0353110257-I-1.

---

Decided:  March 12, 2013

---

DOUGLAS S. MARSHALL, of Guayanilla, PR, pro se.

JEFFREY GAUGER, Attorney, Office of General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent.  With him on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before MOORE, LINN, and REYNA, *Circuit Judges.*

PER CURIAM.

Douglas S. Marshall appeals from a final decision of the Merit Systems Protection Board (the "Board") dismissing his appeal for lack of jurisdiction. The Board determined that it lacked jurisdiction because Mr. Marshall had not demonstrated a denial of restoration under 5 C.F.R. § 353.304(c). Because Mr. Marshall has failed to make a nonfrivolous allegation of agency action constituting a denial of restoration, we affirm.

Mr. Marshall's employment history with the United States Postal Service ("USPS") is detailed in our previous opinions, *Marshall v. U.S. Postal Serv.*, 402 F. App'x 521, 522 (Fed. Cir. 2010) ("*Marshall I*") and *Marshall v. U.S. Postal Serv.*, 463 F. App'x 936, 937 (Fed. Cir. 2012) ("*Marshall II*"). By way of summary, Mr. Marshall had certain work limitations due to an injury he incurred in 1995 while working as a part-time letter carrier for USPS. After surgery and a period of receiving worker's compensation, Mr. Marshall accepted a modified job accommodating his physical restrictions and having an 8-hour workday. In 2004, Mr. Marshall transferred to become a part-time flexible carrier in Guayanilla, Puerto Rico. For some time after that transfer, Mr. Marshall was paid for 40-hours per week. Pursuant to USPS policy, however, it was later determined that as a full-time employee who transferred to a part-time position, he was not guaranteed a 40-hour work week.[1]

---

[1]    We previously noted that the Office of Workers Compensation Program, the Equal Employment Opportunity Commission, and the United States District Court for the District of Puerto Rico each held that Mr. Marshall's voluntary transfer from a full-time position in Detroit to a part-time position in Guayanilla was the

In 2008, USPS conducted a National Reassessment Process to evaluate the efficiency of its employees. During that evaluation, USPS informed Mr. Marshall that it had no available work within his medical restrictions and would place him on leave-without-pay status. Mr. Marshall appealed to the Board.

While his appeal was pending, Mr. Marshall and USPS entered into a settlement agreement. Based on the settlement agreement, the administrative judge dismissed Mr. Marshall's appeal. Mr. Marshall appealed the dismissal to our court, arguing that he had been coerced into entering the settlement agreement. We affirmed the Board's decision in *Marshall I,* explaining that "we will not ignore Marshall's voluntary agreement to the terms of the settlement." *Marshall I*, 402 F. App'x at 523.

In July 2010, while *Marshall I* was pending before our court, USPS offered Mr. Marshall a position as a modified, part-time flexible carrier in the Guayanilla, Puerto Rico Post Office. Mr. Marshall rejected this offer and appealed to the Board based on USPS's alleged failure to try to find work for him that accommodated his work restrictions. At a hearing before the administrative judge, the parties entered into a settlement agreement under which Mr. Marshall agreed to withdraw his appeal to the Board with prejudice and "to withdraw any [Equal Employment Opportunity] Claims, if any, regarding his employment with [USPS] to date."

In exchange for the release, USPS agreed to allow Mr. Marshall to switch from a part-time flexible letter carrier to a part-time flexible clerk upon his successful completion of USPS's window training exam. Under the agreement, Mr. Marshall acknowledged that he "underst[ood] that as a [Part–Time Flexible] employee he [was] not

---

reason for the decrease in his hours, not his knee injury. *Marshall I*, 402 F. App'x at 522.

guaranteed a forty hour work week." Based on the settlement, the administrative judge dismissed Mr. Marshall's appeal. Mr. Marshall petitioned the Board for review, arguing that the settlement agreement "was the result of fraud or mistake and therefore unlawful" because he signed the agreement understanding that the clerk position was six or seven hours a day but later discovered that the available position for him was only two hours per day. The Board denied the petition, and Mr. Marshall again appealed to our court. We affirmed the Board's decision in *Marshall II*, explaining that under the clear terms of the agreement, Mr. Marshall voluntarily agreed to a part-time position that could involve less than forty hour of work per week. *Marshall II*, 463 F. App'x at 937–38.

Mr. Marshall subsequently failed to take USPS's window training exam as contemplated by the settlement agreement. He therefore failed to meet the requirements for the part-time flexible clerk position at two hours per day that we upheld under the settlement agreement in *Marshall II*. In November 2010 USPS offered, and Mr. Marshall accepted, a new position which would provide him with approximately 5 hours of work per day at his existing duty location at the Guayanilla Post Office. In June 2011, Mr. Marshall again appealed to the Board, this time challenging the sufficiency of the November 2010 work assignment he had accepted.

The AJ dismissed Mr. Marshall's appeal for lack of jurisdiction, finding that Mr. Marshall failed to make a nonfrivolous allegation that he was denied restoration. Specifically, the AJ determined that Mr. Marshall had not alleged a complete denial of restoration because he contested only the working hours associated with his new position. The full Board affirmed, but disagreed with the AJ's reasoning. The Board said,

We disagree with the reasoning in the initial decision to the extent that the administrative judge found that the appellant's claim pertained to a reduction in his working hours that constituted a dispute over the details and circumstances of his restoration. As explained above, *the November 5, 2010 job offer would have actually constituted an increase in the appellant's working hours.* Nevertheless, we agree with the administrative judge's ultimate conclusion that the Board lacks jurisdiction over the instant appeal because the appellant failed to make a nonfrivolous allegation that the agency's action constituted a denial of restoration.

*Marshall v. U.S. Postal Serv.*, No. NY-0353-11-0257-I-1, slip. op. at 3–4 (M.S.P.B. Aug. 10, 2012) (emphasis added). Essentially, the Board held that because the November 2010 job offer constituted an *increase* in working hours for Mr. Marshall, he had not made a nonfrivolous allegation that he was denied restoration.

Mr. Marshall appeals.

## DISCUSSION

"An employee, who is separated or furloughed from an appointment without time limitation as a result of a compensable injury, may have restoration rights under 5 C.F.R. § 353, and may appeal the denial of those rights to the Board." *Coe v. U.S. Postal Serv.*, No. CH-0752-03-0198-I-1, 2004 WL 601674, at *632 (M.S.P.B. Mar. 18, 2004); *see* 5 C.F.R. § 353.304. To establish jurisdiction under 5 C.F.R. § 353.304(c), which deals with partial recovery from a compensable injury, "the petitioner must prove by preponderant evidence: (1) absence due to a compensable injury; (2) sufficient recovery from the injury to return to duty on a part time basis or in a less physically demanding position; (3) agency denial of a request for restoration; and (4) denial of restoration rendered arbi-

trary and capricious by agency failure to perform its obligations under 5 C.F.R. 353.301(d)." *Bledsoe v. Merit Sys. Prot. Bd.*, 659 F.3d 1097, 1104 (Fed. Cir. 2011).

Mr. Marshall previously appealed the two-hour-per-day, part-time flexible clerk position that USPS offered him pursuant to their settlement agreement. *Marshall II*, 463 F. App'x at 937–38. The AJ dismissed Mr. Marshall's appeal based on the settlement agreement, the full Board denied Mr. Marshall's petition for review, and we affirmed the decision of the Board. *Id.* Mr. Marshall subsequently failed to take USPS's training exam as contemplated by the agreement. USPS nevertheless offered Mr. Marshall a new position providing him with approximately 5 hours of work per day at his existing duty location in Guayanilla. Mr. Marshall accepted the position.

In the end, USPS offered, and Mr. Marshall accepted, a position carrying more working hours than the two-hour-per-day, part-time position we upheld in *Marshall II*. Where an employee was previously restored to a legally proper position, an increase in working hours over that position is not by itself a denial of restoration under 5 C.F.R. § 353. The decision of the Board is

## AFFIRMED

### COSTS

Each party shall bear its own costs.